**Jesus HERNANDEZ; Zenaida Serrano De Hernandez, Petitioners,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–74483.
Agency Nos. A76–674–319, A75–675–320.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.\*\*

Decided Dec. 16, 2004.

Jesus Hernandez, Salinas, CA, pro se.

Zenaida Hernandez, Salinas, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Francis W. Fraser, Esq., Hugh G. Mullane, Esq., Washington, DC, for Respondent.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* John Ashcroft, Attorney General, is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**154**

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM ***

Jesus Hernandez and Zenaida Serrano de Hernandez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying their applications for cancellation of removal because they failed to prove the requisite 10 years of continuous physical presence in the United States before issuance of the Notice to Appear. We dismiss the petition for review.

Petitioners' sole contention on appeal is that the BIA denied them due process by adjudicating their case despite the ineffective assistance of their attorney Miguel Gadda, who was disbarred by the BIA before it issued its order in this case. A petitioner asserting a claim of ineffective assistance of counsel is required "to exhaust his administrative remedies by first presenting the issue to the BIA." *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000). "A petitioner must make a motion for the BIA to reopen before we will hold he has exhausted his claims." *Liu v. Waters,* 55 F.3d 421, 424 (9th Cir.1995); *see also Iturribarria v. INS,* 321 F.3d 889, 896 (9th Cir.2003) ("[A]s a practical matter, a motion to reopen is the only avenue ordinarily available to pursue ineffective assistance of counsel claims."). The procedure for filing a motion to reopen is codified at 8 U.S.C. § 1229a(c)(6) and 8 C.F.R. §§ 1003.2(c), 1003.23.

The record reveals petitioners failed to exhaust administrative remedies with regard to their ineffective assistance of coun-sel claim. Accordingly, we dismiss the petition for review. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004) (exhaustion is jurisdictional).

The clerk shall STAY the mandate for 90 days from the date of this disposition to allow petitioners the opportunity to file a motion to reopen with the BIA. *See Ortiz v. INS,* 179 F.3d 1148, 1156 (9th Cir.1999).

PETITION FOR REVIEW DISMISSED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

